### BOWERS v. UNITED STATES.
### No. 12682.

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1949.

A. C. Dressler, and Jack Kehoe, Miami, Fla., for appellant.

Ernest L. Duhaime, Asst. U. S. Atty., Miami, Fla., for appellee.

Before HOLMES, WALLER, and SIBLEY, Circuit Judges.

HOLMES, Circuit Judge.

The jury found the appellant guilty as charged on counts four, five, and seven, of an indictment for using the mails to defraud, but disagreed as to his guilt on all other counts, namely, one, two, three, and six. The court below set aside the verdict as to the seventh count, because the prosecution was barred by the three-year statute of limitation, and pronounced sentence only upon counts four and five, providing that the term on each count should run concurrently. From the judgment so entered, this appeal was taken.

The verdict of the jury, which is amply supported by the evidence, establishes that the appellant devised and intended to devise a scheme and artifice to defraud at least two persons, designated as victims; and, for the purpose of executing said scheme, deposited certain letters in an authorized depository for mail matter to be sent to said victims by the United States Post Office Department. A part of the scheme was to cause advertisements to be placed in several leading newspapers, advertising his business and soliciting persons to become his partner. As a result of said advertisements, the appellant would enter into correspondence with various parties whom he intended to make victims of his scheme.

It was further a part of said scheme and artifice that appellant would represent (and he subsequently did represent) to said victims that he was the owner of an automobile business and president of automobile corporations located at Fort Lauderdale, Florida, and was the owner of a taxicab business and properties in Pompano, Florida; that he desired and was willing to establish a partnership to operate said businesses, which were active and prosperous; that he was in a position to sell and would sell to said victims an undivided one-half interest in the same and other designated property; that he would offer and did offer to convey to said victims an un-

divided one-half interest in all of said property and businesses, allowing the victims to work such hours as necessary for the good management thereof, and to assist him in all matters pertaining thereto, for which they would receive a weekly salary.

A further part of the scheme was that he would represent to said victims that, if for any reason they should become unable to perform the services required of them by their contracts, their investments would be returned to them within a reasonable time; that these representations were well known by the appellant to be false, and were devised to and did deceive and defraud said victims. The scheme was to negotiate simultaneously with as many of the victims as might respond to his advertisements, and to enter into contracts consecutively with as many of them as he could induce to accept his proposals. The scheme was formed and carried out through the use of the United States mails. The appellant entered into said contracts consecutively; and thus, while the earlier contracts were still in force, he purported to convey an undivided one-half interest in the businesses to other parties, retaining one-half for himself in each instance.

It is astonishing what large sums of money were obtained from victims by this scheme. One man even sold his home in Ohio, and with his wife moved to Florida to go into partnership with appellant, putting five thousand dollars into the venture. An old man from Georgia, now eighty years of age, gave the appellant twenty-five hundred dollars for a one-half interest in the partnership. Some of the victims who were about to give trouble were refunded all or a portion of their money. It appears that during 1944, 1945, and 1946, the appellant took in as partners or associates the six people named in the indictment, Kimbrough, Dispennetti, Robinson, McLaren, York, and Nicholls; also the following not mentioned in the indictment: Laki, Clark, and Dr. Roddy. What he got from them, and the amounts refunded, are indicated in appellee's brief, from which we quote below in a note.[1]

One of the few exceptions to the court's charge was as to the effect that the jury should give to any refunds to the victims of money wrongfully obtained from them. The court correctly charged the jury that such refunds were not a defense if the defendant was guilty of devising a fraudulent scheme to defraud them and others and of using the mail in furtherance of said scheme. The jury were fully warranted in believing from the evidence that the sums so refunded were obtained from other victims by the same scheme.

We find no reversible error in the record, and the judgment appealed from is affirmed.

| I. "Witnesses | Amt. Pd. to Deft. | Amt. Returned to Witness | Profit | Transcript |
|---|---|---|---|---|
| Kimbrough | $2500.00 | -0- | -0- | T. 27-28 |
| Dispennetti | 3000.00 | 3000.00 | -0- | 46-47 |
| Robinson | 5000.00 | 3100.00 | -0- | 64-65-70 |
| McLaren | 1000.00 | 1000.00 | -0- | 106-107 |
| York | 5800.00 | -0- | -0- | 126 |
| Nicholls | 5000.00 | (3700.00) (Note still owing) | -0- | 169 & 177 |
| Laki | 5100.00 | -0- | -0- | 201 |
| Clark | 5000.00 | -0- | -0- | 289" |